# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DONALD FELICE, WAYNE THOMAS,

Plaintiffs,

v. Case No.: 6:26-cv-01399-AGM-LHP

ERICKA ERNST, DAYTONA BEACH CHRISTIAN UNIVERSITY, INC.,

Defendants,

---

## ORDER

Before the Court is the parties' Joint Motion to Approve FLSA Settlement. Doc. No. 23. The parties have consented to the exercise of jurisdiction by a Magistrate Judge for resolution of the motion, and the presiding District Judge has approved that consent. Doc. Nos. 27, 30. Upon review, the motion (Doc. No. 23) will be **GRANTED**.

Plaintiffs Donald Felice and Wayne Thomas instituted this action on May 15, 2026 in state court against Defendants Ericka Ernst and Daytona Beach Christian University, Inc., alleging one claim for violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), a claim for retaliation under the FLSA, a claim for unpaid wages under Florida common law, and a claim for breach of

contract under Florida law. Doc. No. 1-2, at 6–18. On September 1, 2026, the parties notified the Cour that they had reached a settlement in this matter. Doc. No. 21.

Now before the Court is the parties' Joint Motion to Approve FLSA Settlement, in which the parties request that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and thereafter dismiss the case with prejudice. Doc. No. 23. The parties submit with the motion a copy of their FLSA Settlement Agreement. Doc. No. 23-1. They have also filed a separate agreement by which they have resolved the non-FLSA claims raised in the case for separate consideration. Doc. No. 29-1.

Because the parties have reached a settlement that involves a compromise of Plaintiffs' FLSA claims, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores*, 679 F.2d 1350. Having reviewed the same, the Court finds that the proposed settlement of the FLSA claims is a reasonable compromise of a bona fide dispute between parties, in light of the settlement amounts and consideration exchanged. *See* Doc. Nos. 23, 23-1. Further, based on the parties' representations, it does not appear that the separate agreement resolving the non-FLSA claims has contaminated the fairness of the settlement of Plaintiffs' FLSA claims, and thus, there is no impediment to approval of the FLSA agreement. *See, e.g.*, *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation*

*adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012). The Court further finds that the amount of agreed-upon fees and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, the Joint Motion to Approve FLSA Settlement (Doc. No. 23) is **GRANTED**, and the parties' FLSA settlement agreement (Doc. No. 23-1) is **APPROVED**. This case is **DISMISSED with prejudice**, and the Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record